IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:10-585-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Tito Dwayne Titus, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a motion for summary judgment, seeking dismissal of the motion with prejudice. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response to the Government's motion, and this matter is ripe for review.

Defendant raises three Grounds for Relief in this § 2255 motion: ineffective assistance of counsel during a 1997 state court proceeding; ineffective assistance of counsel during the criminal proceedings underlying his current federal conviction; and a defective deportation hearing in 2002. *See* Mot. at 4, 5, 7 (ECF No. 77, filed Aug. 29, 2011).

**BACKGROUND**

Defendant is a citizen of Jamaica. On May 19, 2010, Defendant was indicted for illegal re-entry by an alien, a violation of 18 U.S.C. §§ 1326(a) and (b)(2). On August 13, 2010, Defendant appeared with counsel and after a thorough Rule 11 hearing, pleaded guilty to this offense without a plea agreement. On November 18, 2010, Defendant was sentenced to seventy-one (71) months' imprisonment. On March 14, 2011, Defendant filed a *pro se* notice of appeal to the Fourth Circuit Court of Appeals, which was dismissed by that court as untimely. *See United States v. Titus*,

1

No. 11-4296 (4th Cir. Apr. 28, 2011).

Prior to Defendant's conviction in this case, Defendant had been deported from the United States twice, returning after each deportation. Defendant was first deported in August 2002, after he was convicted in South Carolina in 1997 of possession with intent to distribute cocaine. Defendant returned to this country and was subsequently arrested in 2004 and charged with illegal re-entry. In 2005, Defendant was sentenced to thirty-three (33) months' imprisonment, and after service of that sentence, was subsequently deported to Jamaica again on June 29, 2007.

### GROUND ONE – INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's first Ground for Relief contends that he received ineffective assistance of counsel during a 1997 state court proceeding when his then-counsel failed to advise him of the collateral deportation consequences of a conviction. In support of his argument, Defendant cites *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473 (2010). The Government contends Defendant cannot challenge his 1997 state court conviction as it is presumptively valid, citing *Daniels v. United States*, 532 U.S. 374 (2001).

Defendant cannot challenge the validity of his state court conviction in this § 2255 motion. Even assuming Defendant's state court conviction was still open to collateral attack, the proper avenue for relief would be – assuming all other avenues of state court relief had been exhausted – to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Daniels*, 532 U.S. at 381 ("Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus

brought pursuant to 28 U.S.C. § 2254 . . . ."").[1] *See also* 28 U.S.C. § 2254.

Therefore, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.[2]

**GROUND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant's second Ground for Relief argues counsel allegedly failed to properly investigate and research Defendant's case in light of *Padilla*, *supra*. Defendant maintains that under 8 U.S.C. § 1326(d), "anyone charged under such statute [§ 1326] of, [sic] facing re-entry has a right to challenge the original deportation order." Mem. Supp. at 11 (ECF No. 77-1, filed Aug. 29, 2011). The Government argues counsel was not ineffective, and that Defendant cannot establish prejudice.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test,

---

[1] "These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels*, 532 U.S. at 381.

Courts are split on whether *Padilla* is a case retroactively applicable to cases on collateral review. *See United States v. Chang Hong*, 671 F.3d. 1147 (10th Cir. 2011) (announces new rule and therefore not retroactively available); *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011) (same); *United States v. Hernandez-Monreal*, 404 F. App'x 714, 715 n.\* (4th Cir. 2010) (noting in *dicta* that "nothing in the *Padilla* decision indicates that it is retroactively available to cases on collateral review."). *Contra United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011) (does not announce new rule, therefore, retroactively available).

[2] Defendant does not contend that this state court sentence was used to "enhance" his federal sentence, as was the case in *Daniels*. In *Daniels*, the defendant's state court conviction had been used to increase Defendant's maximum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Even if Defendant had made such an argument, it would be foreclosed, as such argument would have had to be raised at sentencing, not in a motion for relief under § 2255.

3

a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697.

The same two-part test enunciated in *Strickland* applies in the context of cases in which a defendant enters a guilty plea. To establish prejudice in the context of a guilty plea Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo v. Moore*, 562 U.S. ___, 131 S. Ct. 733, 745 (2011). "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense

likely would have succeeded at trial." *Hill*, 474 U.S. at 59.[3]

Defendant maintains counsel was ineffective because she allegedly "failed" to inform him of 8 U.S.C. § 1326(d), which (he contends) could have been used to attack the validity of his 2002 deportation. Resp. to Gov't Mot. at 4 (ECF No. 98, filed Nov. 17, 2011). The court understands Defendant to be arguing that an alleged constitutional infirmity in his 1997 state court conviction makes his original 2002 deportation infirm. Therefore (he maintains), the current charges, to which he pleaded guilty, should have been dismissed, as he had no prior qualifying "aggravated felony" conviction.

Defendant does not contend that he would have elected to proceed to trial instead of pleading guilty to this offense. Instead, Defendant "move[s] to have case vacated and remanded to District Court for the purpose[s] of resentence [sic]." Mem. Supp. at 12.

As noted by the Government, Defendant's state court conviction was some fourteen (14) years ago, and this conviction now carries a presumption of validity. Additionally, Defendant's 2005 federal conviction under 8 U.S.C. § 1326(a) qualifies as an "aggravated felony" under § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(*O*). Therefore, during the Rule 11 hearing, if the Government had not relied on the 1997 state court conviction as the underlying aggravated felony in question, Defendant's 2005 federal conviction was an equally applicable aggravated felony under the statute. Thus, even assuming a constitutional infirmity in Defendant's 1997 state conviction

---

[3]Two recent and factually distinguishable decisions by the Supreme Court discussing the Sixth Amendment right to counsel during the plea-bargaining process do not alter the court's analysis. *See Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, (2012). These cases address instances where "inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, 132 S. Ct. at 1383. The Supreme Court made clear that these cases do not alter the *Hill* analysis for cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." *Frye*, 132 S. Ct. at 1409. In this case, of course, Defendant pleaded guilty without a plea agreement, but the analysis remains the same.

5

which might have led to a successful pre-guilty plea challenge to the current indictment, the Government would have been able to rely upon the 2005 conviction for illegal re-entry, as the indictment in this case charges that he illegally re-entered the United States after having "previously been deported and removed from the United States on or about June 29, 2007, at or near Atlanta, Georgia, and on or about August 29, 2002, at or near Atlanta, Georgia . . . ." Indictment at 1 (ECF No. 1).

Therefore, as Defendant had no valid affirmative defense to this charge, counsel was not ineffective. The Government is entitled to summary judgment on this Ground for Relief, and it is dismissed with prejudice.

**GROUND THREE – DEFECTIVE DEPORTATION HEARING**

Defendant's third Ground for Relief seeks to "prove to the Court the unfairness of my original deportation hearing." Mem. in Support of Mot. at 12 (ECF No. 77-1). The Government argues that Defendant is not entitled to relief as "[a] collateral challenge to [Defendant's] deportations would not have prevailed." Mem. Supp. Mot. for. Summ. J. at 7 (ECF No. 89-1, filed Oct. 14, 2011).

Even assuming Defendant can "collaterally attack" the original deportation order in this § 2255 motion,[4] this Ground for Relief fails for two reasons. First, Defendant's failure to raise this

---

[4]It is not clear whether the "collateral attack" provided for in § 1326(d) may be pursued in a motion for relief under § 2255. *See United States v. Roque-Espinoza*, 185 F. App'x 519 (7th Cir. 2006) ("Although [*United States v.*] *Mendoza-Lopez*[, 481 U.S. 828 1987] and the amended version of § 1326 create a limited right to pursue a collateral attack on a removal order in the context of a prosecution for illegal re-entry, neither suggests that an alien may continue to challenge such orders once criminal proceedings are complete."). Therefore, it appears the "collateral attack" provided for in § 1326(d) is available via a pretrial motion to be heard and ruled upon prior to conviction.

6

issue in a direct appeal precludes its assertion in this § 2255 motion.[5] *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Second, even assuming Defendant may "collaterally attack" the deportation order in this § 2255 motion, Defendant cannot meet the three requirements of § 1326(d).

Title 8 Section 1326(d) contains three conditions that a defendant must satisfy before he will be allowed to mount a collateral attack. The alien must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). These requirements are listed in the conjunctive, so a defendant must satisfy all three in order to prevail. *See United States v. Wilson*, 316 F.3d 506, 509 (4th Cir. 2003), *abrogated on other grounds*, *Lopez v. Gonzales*, 549 U.S. 47 (2006). The Government argues that Defendant cannot establish that the entry of the deportation order was fundamentally unfair. *See* Mem. in Supp. Summ. J. at 8 (ECF No. 89-1). This court agrees.

"In order to establish fundamental unfairness, a defendant must show that (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Wilson*, 316 F.3d at 510. Defendant cannot satisfy either of these showings.

To succeed on a due process claim, Defendant "must [ ] establish that he had a property or liberty interest at stake." *Smith v. Ashcroft*, 295 F.3d 425, 429 (4th Cir. 2002). "Former section 212(c) did not in any way limit the discretion of the Attorney General to admit otherwise deportable

---

[5]As noted above, Defendant filed an appeal, but it was untimely; therefore, the issue was not properly preserved.

aliens. This statute in no way created an entitlement to a waiver of deportation, as it 'grant[ed] the Attorney General broad discretion to admit excludable aliens.'" *Id*. at 430 (quoting *St. Cyr*, 533 U.S. at 294-95)). Therefore, because the former section 212(c) created no more than a mere expectation of a benefit, Defendant "had no protected liberty or property interest in discretionary 212(c) relief, a circumstance fatal to his due process claim." *Id*.

Defendant also seeks to establish prejudice by arguing that the Immigration Judge (IJ) did not inform Defendant of his right to seek discretionary relief, thereby purportedly making the entry of the 2002 deportation order fundamentally unfair. However, because Defendant's state court guilty plea occurred *after* the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")[6], and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),[7] the availability of discretionary relief under former § 212(c) was foreclosed to him.[8] Despite his argument to the contrary, the law in effect at the time of his *conviction*, not at the time he committed the offense,[9] governs whether discretionary relief would have been available to him. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (Court limiting retroactive effect of both AEDPA and

---

[6] Enacted April 24, 1996, 110 Stat. 1214 (1996).

[7] Enacted September 30, 1996, 110 Stat. 3009-546 (1996).

[8] AEDPA section 440(d) amended INA section 212(c) to preclude section 212(c) discretionary relief for aliens convicted of certain enumerated criminal offenses, including drug offenses. Prior to the enactment of AEDPA and IIRIRA, an alien could apply for a waiver of deportation under the former section 212(c) of INA, 8 U.S.C. § 1182(c) during administrative deportation hearings. This section granted the Attorney General broad discretion to admit aliens who would otherwise be excludable, and had been interpreted by the Board of Immigration Appeals (BIA) as authorizing any permanent resident alien with seven consecutive years of lawful domicile to apply for a discretionary waiver of deportation. *See INS v. St. Cyr*, 533 U.S. 289, 294-95 (2001).

[9] Defendant's Presentence Report (PSR) reveals that Defendant was arrested September 3, 1996, for possession with intent to distribute cocaine. The date of the offense is listed as August 17, 1996. Both of these dates are after the enactment of AEDPA, but prior to the enactment of IIRIRA (September 30, 1996).

8

IIRIRA by holding that "§ 212(c) relief remain[ed] available for aliens . . . whose [pre-AEDPA/pre-IIRIRA] *convictions* were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.") (emphasis added). *See also Khan v. Ashcroft*, 352 F.3d 521, 534-25 (2d Cir. 2003) (same). Therefore, the discretionary relief which had previously been available under the old INA § 212(c) was not available to Defendant *at the time he pleaded guilty*.

For these reasons, even if cognizable in this § 2255 motion, Defendant's Third Ground for Relief fails and the Government is entitled to summary judgment.

## CONCLUSION

The Government's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
                                                          CAMERON McGOWAN CURRIE
                                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 18, 2012